FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG -2  AM 7:58

LORETTA G. WHYTE
     CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLAUDE BLATCHER | CIVIL ACTION |
| VERSUS | NO. 05-105 |
| DEPUTY DONALD JACOBS ET AL. | SECTION "I" (2) |

## REPORT AND RECOMMENDATION

This report addresses the motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) filed by one defendant in this matter, Dr. Arther Mauterer. Record Doc. No. 30. For the following reasons, I recommend that the motion be GRANTED IN PART and DENIED IN PART.

Plaintiff, Claude Blatcher, is a prisoner currently incarcerated in the Tangipahoa Parish Jail in Amite, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against various deputies of the Tangipahoa Parish sheriff and movant Dr. Mauterer, a physician who provides medical services at the jail. Blatcher alleges that while incarcerated in the jail in October 2004, he was attacked and beaten

___ Fee_____
___ Process_____
_X_ Ckid_____
_✓_ CtRmDep_____
___ Doc. No_____

by the defendant deputies and that Dr. Mauterer failed subsequently to provide him with constitutionally adequate medical care for injuries suffered in the attack.

On March 3, 2005, I conducted a telephone conference in this matter. Plaintiff was sworn and testified for all purposes permitted by <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985), and its progeny.

Part of the purpose of <u>Spears</u> testimony is to dig beneath the conclusional allegations of a pro se complaint, to ascertain exactly what the prisoner alleges occurred and the legal basis of his claims. <u>Spears</u>, 766 F.2d at 180. "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." <u>Davis v. Scott</u>, 157 F.3d 1003, 1005 (5th Cir. 1998). The information elicited at such an evidentiary hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). <u>Wilson v. Barrientos</u>, 926 F.2d 480, 481 (5th Cir. 1991); <u>Adams v. Hansen</u>, 906 F.2d 192, 194 (5th Cir. 1990). "Upon development of the actual nature of the complaint, it may also appear that no justiciable basis for a federal claim exists." <u>Spears</u>, 766 F.2d at 182.

About four months after the <u>Spears</u> hearing, on July 1, 2005, Dr. Mauterer filed the pending motion to dismiss plaintiff's claims against him pursuant to Fed. R. Civ. P. 12(b)(6). In his motion, Dr. Mauterer argues that plaintiff fails to state a constitutional

violation cognizable under Section 1983 and that, at best, his complaint asserts a Louisiana state law negligence or medical malpractice claim, which must be dismissed because plaintiff has failed to process his claim through the pre-lawsuit administrative procedure for review of such claims required by Louisiana statutory law.

As ordered by the court, plaintiff filed a written response to the motion, Record Doc. No. 36, but the written response says little of any import. Because a Rule 12(b)(6) motion is directed to the sufficiency of a complaint's allegations, Blatcher's written complaint, as amended by his court-ordered written statement of facts, Record Doc. No. 5, and his Spears testimony explaining his complaint, are more significant for purposes of deciding the instant motion.

In his written submissions, Blatcher alleges that the "jail's doctor refused to treat me" for the injuries suffered in the beating, including "frequent, severe, headaches, severe, frequent pains in my lower back, upper back, and lower neck area, and sharp pains in my right eye," including "seeing double." Record doc. No. 5 at ¶ C. He alleges that his injuries have been "untreated." Id.

During his Spears testimony, plaintiff explained his medical care claim against Dr. Mauterer as follows: Shortly after plaintiff was allegedly beaten by the deputies, "they called me back up to booking to see the nurse. The nurse asked me what was wrong with me, and I said, 'I need to see a doctor. I'm hurtin'.' Randy Pinion (one of the deputy

defendants) simply said, 'Well, he don't need treatment. Send him to the back.' So I had no choice but to let them escort me to the back. . . . I sent countless numbers of inmate requests, saying that I was hurtin', I was in pain, . . .letting them know what was wrong with me. When they finally answered my requests, I'll say about two or three days later, I was up here talking to the nurse and a doctor <u>and they wasn't even listening to me as I was explaining to them what was wrong with me.</u> They were only making comments about the incident and with all due respect I told them, 'I'm not here to talk about the incident, I just want to talk about my problems, . . . my injuries, . . . and see what is there to do to stop this pain.' . . . The doctor made a comment saying, 'I'm lucky to be up there complaining, I'm lucky they didn't kill me,' and when I saw the grin on their faces, I saw that they weren't taking me seriously, so I asked again 'can you please take me to the doctor so he can take me seriously and treat me for my injures.' They told me, the nurse told me no. . . she buzzed on the phone, and told them that she was finished with me and they escorted me to the back and that was the end of that incident. <u>Nobody treated me</u>." Record Doc. No. 10 (tape recording of plaintiff's <u>Spears</u> testimony 3/3/05) (emphasis added).

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true. "All questions of fact and any ambiguities in the current controlling substantive law must be resolved

in the plaintiff's favor." Lewis v. Fresne, 252 F.3d 352, 357 (5th Cir. 2001); accord Lovick v. Ritemoney Ltd., 378 F.3d 433, 437 (5th Cir. 2004).

"Given the Federal Rules' simplified standard for pleading, [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quotation omitted); accord United States ex rel. Bain v. Georgia Gulf Corp., 386 F.3d 648, 653-54 (5th Cir. 2004).

Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. Southern Christian Leadership Conference v. Supreme Court, 252 F.3d 781, 786 (5th Cir. 2001). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Id. (quotation omitted); accord Lovick, 378 F.3d at 437.

In a case filed by a prisoner, "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; . . . Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992) A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1). However, pro se civil rights complaints must be broadly construed. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Defendant's motion construes plaintiff's pro se complaint too narrowly and fails to consider the nature of his complaint as expanded upon through the <u>Spears</u> procedure. The motion assumes that plaintiff's complaint is nothing more than a state law negligence or medical malpractice claim. It <u>is</u> that kind of claim in part, but only in part. To the extent that Blatcher is asserting a state law claim against Dr. Mauterer, it is subject to the state law requirements of submission through the Medical Review Panel procedure established in La. Rev. Stat. § 40:1299 et seq. There is <u>no</u> allegation anywhere in plaintiff's written submissions or in his <u>Spears</u> testimony that he has completed the requisite state law pre-suit administrative process. There is <u>no</u> basis in the record before the court on which to conclude that plaintiff disputes his failure in this regard in any way. Thus, the motion to dismiss should be granted in part to dismiss all Louisiana state law claims against Dr. Mauterer on this ground.

As noted above, however, construing plaintiff's complaint broadly, as must be done in these circumstances, Blatcher also asserts a claim under 42 U.S.C. § 1983 that his constitutional rights to medical care were violated when Dr. Mauterer failed to treat him at all, after having been advised by plaintiff that he was seriously injured.

Blatcher has alleged both in his written submissions, Record Doc. No. 5 at ¶ B, and in his <u>Spears</u> testimony that he is <u>not</u> currently incarcerated based on a conviction,

but instead is awaiting trial on an attempted armed robbery charge. Thus, Blatcher was a pretrial detainee during the time period about which he complains.

In <u>Hare v. City of Corinth</u>, 74 F.3d 633 (5th Cir. 1996), the Fifth Circuit held:

> (1) that the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement; and (2) that a state jail official's liability for episodic acts or omissions cannot attach unless the official had <u>subjective knowledge of a substantial risk of serious harm</u> to a pretrial detainee but responded with <u>deliberate indifference</u> to that risk.

<u>Hare</u>, 74 F.3d at 650 (emphasis added). The Fifth Circuit explained that if the pretrial detainee is unable to prove that the defendant's act either "implement[s] a rule or restriction or otherwise demonstrate[s] the existence of an identifiable intended condition or practice" or that the "official's acts or omissions were sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by other officials, to prove an intended condition or practice," <u>id.</u> at 645, the incident complained about will be considered to be an episodic act or omission and the deliberate indifference standard enunciated in <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976), will apply. <u>Id.</u>

In <u>Estelle</u>, the Supreme Court held that a prisoner may succeed on a claim for damages under 42 U.S.C. § 1983 for inadequate medical care only if he demonstrates that there has been "deliberate indifference to serious medical needs" by prison officials or other state actors. Only deliberate indifference, "an unnecessary and wanton infliction

of pain . . . or acts repugnant to the conscience of mankind," constitutes conduct proscribed by the Eighth Amendment. Id. at 105-06; accord Gregg v. Georgia, 428 U.S. 153, 182-83 (1976); Hare, 74 F.3d at 650. "Deliberate indifference" means that a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). The Farmer definition applies to Eighth Amendment medical claims. Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).

An inmate must satisfy two requirements to demonstrate that a prison official has violated the Eighth Amendment. "First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (quotation omitted). Thus, plaintiff must show deliberate indifference to his "serious medical needs" to satisfy this prong. Wilson v. Seiter, 501 U.S. 294, 297 (1991); Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993).

Further, the plaintiff must establish that the defendant possessed a culpable state of mind. Farmer, 511 U.S. at 838 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he

must also draw the inference." Id. at 837. "Mere negligence or a failure to act reasonably is not enough. The officer must have the subjective intent to cause harm." Mace v. City of Palestine, 333 F.3d 621, 626 (5th Cir. 2003). If the court finds that one of the components of the test is not met, it need not address the other component. Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998).

> The Supreme Court has recently reaffirmed that "deliberate indifference" is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. Board of the County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 117 S.Ct. 1382, 1391 (1997) . . . . The "deliberate indifference" standard permits courts to separate omissions that "amount to an intentional choice" from those that are merely "unintentionally negligent oversight[s]."

Southard v. Texas Bd. of Crim. Justice, 114 F.3d 539, 551 (5th Cir. 1997) (citations omitted) (emphasis added). "'Subjective recklessness,' as used in the criminal law, is the appropriate test for deliberate indifference." Norton, 122 F.3d at 291.

In the instant case, plaintiff's pleadings as expanded by his testimony establish that nothing more than episodic acts or omissions as defined in Hare are at issue in this case. Thus, the "deliberate indifference" standard applies and plaintiff must simply allege facts sufficient to establish that Dr. Mauterer knew he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Blatcher has done so in this case.

Although Blatcher's written allegations and testimony are somewhat belied by the medical records, Record Doc. No. 12, his allegations must be accepted as true for present purposes, and the medical records can<u>not</u> be used to refute a plaintiff's <u>Spears</u> testimony at this pretrial stage of the proceedings. <u>Norton v. Dimazana</u>, 122 F.3d 286, 292 (5th Cir. 1997) (citing <u>Wilson</u>, 926 F.2d at 482-83; <u>Williams v. Luna</u>, 909 F.2d 121, 124 (5th Cir. 1990)).

Construing Blatcher's complaint broadly, he alleges that Dr. Mauterer was asked by plaintiff to provide medical treatment for serious head, eye and other injuries, and Dr. Mauterer refused treatment. He alleges that he remains untreated. Plaintiff's testimony, viewed as a whole, alleges deliberate indifference to plaintiff's serious medical needs, as those terms are defined in constitutional law, sufficient to state a claim. For these reasons, the portion of defendant's motion seeking dismissal of plaintiff's Section 1983 claim against Dr. Mauterer must be denied.

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that the motion of defendant Arther Mauterer to dismiss for failure to state a claim on which relief can be granted be **GRANTED IN PART** as to plaintiff's state law claims in that his state law claims should be dismissed without prejudice for failure to exhaust state law

administrative proceedings, but **DENIED IN PART** as to plaintiff's claim for violation of his constitutional rights under 42 U.S.C. § 1983.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _1st_ day of _August_, 2005.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE