
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 FEB 21 P 1:09
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLAUDE BLATCHER | CIVIL ACTION |
| VERSUS | NO. 05-105 |
| DEPUTY DONALD JACOBS ET AL. | SECTION "I" (2) |

### REPORT AND RECOMMENDATION

This report addresses the motion for summary judgment under Fed. R. Civ. P. 56 filed by one defendant in this matter, Dr. Arthur Mauterer. Record Doc. No. 30. For the following reasons, I recommend that the motion be DENIED.

Plaintiff, Claude Blatcher, is a prisoner currently incarcerated in the LaSalle Correctional Center in Olla, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against various deputies of the Tangipahoa Parish sheriff and movant Dr. Mauterer, a physician who provides medical services at the Tangipahoa Parish jail. Blatcher alleges that while incarcerated in the jail in October 2004, he was attacked and beaten by the defendant deputies and that Dr. Mauterer failed



subsequently to provide him with constitutionally adequate medical care for injuries suffered in the attack.

The case is set for trial/evidentiary hearing before me pursuant to 28 U.S.C. § 636(b)(1)(B) in less than two weeks, on March 2, 2006.

In his motion, which is supported by his own affidavit and some of plaintiff's medical records, Dr. Mauterer argues that plaintiff cannot prevail on his medical care claim because he provided constitutionally adequate care to plaintiff while he was in the Tangipahoa Parish Jail, including examinations and at least one prescription, an antidepressant that helps with sleep. His affidavit states that his examinations revealed no signs of injury that might have resulted from any alleged beating and that no further treatment was required. When the motion was filed, this court issued an order to plaintiff, Record Doc. No. 65, setting a February 14, 2006 deadline for plaintiff's written response to the motion and setting out the following:

> Plaintiff's response should include sworn affidavits or other evidentiary materials that set forth specific facts demonstrating that there is a genuine issue of material fact for trial in this case. However, plaintiff is instructed that his sworn testimony given during the March 3 and April 11, 2005 conferences will be considered by the court in opposition to defendant's motion, and plaintiff need not repeat the same information previously provided to the court in that sworn testimony or in writing as part of any of his previous submissions. Failure to follow the requirements of this order may result in a recommendation that final judgment be entered in favor of defendant without a further evidentiary hearing.

2

Plaintiff has not filed a written response to the motion. As ordered by the court, however, his previously provided testimony, given under oath, is evidence that must be considered in response to the motion.

Summary judgment is appropriate when the record establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Plaintiff has previously stated in recorded testimony delivered under oath that he suffered serious injuries in a beating for which Dr. Mauterer provided him with <u>no</u> medical care or treatment for the subject injuries and that the doctor ignored various direct requests for medical care, including at least one oral request made directly to the doctor in his presence. A full recitation of Blatcher's previous testimony in this regard was set out in my previous report and recommendation. Record Doc. No. 40 at pp. 3-4. Included in that testimony is Blatcher's sworn statement that the doctor "wasn't even listening to me as I was explaining . . . what was wrong with me," and "nobody treated me." Record Doc. No. 10 (tape recording of plaintiff's testimony 3/3/05) (emphasis added).

The evidentiary materials submitted by Dr. Mauterer in support of his motion, including his own sworn affidavit and the supporting medical records, certainly paint a different picture. If accepted by the factfinder when Dr. Mauterer testifies at trial, this

evidence may well establish adequate care under the applicable constitutional standard. However, this is a motion for summary judgment. Blatcher's sworn testimony in the record cannot be ignored at this stage of the proceedings. Plaintiff has testified under oath that he was seriously injured, that no medical care was provided and that his requests for medical care were ignored and even ridiculed. The current record establishes a clear credibility contest as to material facts, which this court is strictly prohibited from resolving on summary judgment.

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are [factfinder] functions, not those of a judge . . . [when] ruling on a motion for summary judgment . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); accord Evans v. Ball, 168 F.3d 856, 858 (5th Cir. 1999); Crowe v. Henry, 115 F.3d 294, 296 (5th Cir. 1997). Thus, if resolution of a material fact in dispute turns on a credibility determination, the court cannot grant summary judgment. On the current record, any "decision as to whether to believe [Blatcher's] or [Dr. Mauterer's] explanation of the facts requires the type of credibility determination by the court that is plainly inappropriate on motion for summary judgment," id. at 298, and must be determined at trial.

For these reasons, defendant's motion for summary judgment must be denied. The case is set for trial/evidentiary hearing before me within days, and that is the proper forum for resolution of the disputed facts and credibility contest presented by this record.

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that the motion of defendant Arthur Mauterer for summary judgment be **DENIED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 17th day of February, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE